IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY NORKUNAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PAYPAL, INC.,<br><br>    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:22-CV-05695-KMW-EAP<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

This matter comes before the Court by way of the Motion of Defendant PayPal, Inc. ("Defendant") to compel arbitration of the claims asserted against it by Plaintiff Jeffrey Norkunas ("Plaintiff") under the Federal Arbitration Act (the "FAA"). Alternatively, Defendant's Motion seeks to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Also before the Court is Plaintiff's Motion to Remand this action to New Jersey state Court. For the reasons explained below, Plaintiff's Motion to Remand is **DENIED**, and Defendant's Motion to Compel Arbitration/Dismiss is **ADMINISTRATIVELY TERMINATED** pending Plaintiff's submission of an Opposition to the same.

1)    On August 12, 2022, Plaintiff, proceeding *pro se*, initiated the instant action against Defendant by filing his Complaint in New Jersey state court. (ECF No. 1-1.) Thereafter, on September 23, 2022, Defendant removed Plaintiff's Complaint to this Court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

2)    On September 30, 2022, Defendant filed a Motion seeking to compel arbitration of Plaintiff's claims or, alternatively, to dismiss them for failure to state a claim. (ECF No. 4.)

Thereafter, on November 2, 2022, Plaintiff filed a Motion to Remand this action to New Jersey state court. (ECF No. 6.)

3)    First, the Court finds that Plaintiff's Motion, to remand is untimely. "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). "The statute makes clear that the thirty-day limit is mandatory, and cannot be extended." *Piller v. JP Morgan Chase Bank*, No. 20-2248, 2020 WL 8186163, at *2 (D.N.J. June 10, 2020). "The failure to move to remand results in a waiver of the objection." *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010). Here, Plaintiff filed his Motion to Remand forty days after Defendant first filed its Notice of Removal, and did so on a basis that did not raise any defect, much less one that implicates the Court's subject matter jurisdiction.[1]

4)    Concerning Defendant's Motion to Compel Arbitration/Dismiss, the Court notes that Plaintiff has not, to date, filed any Opposition. Although Plaintiff proceeds *pro se*, he "cannot flout procedural rules," and indeed "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). However, in the interest of ensuring that both Parties have the benefit of complete advocacy in this matter, the Court finds it appropriate to grant Plaintiff leave to file a written Opposition to Defendant's Motion.

Therefore,

**IT IS** this **31st** day of **May 2023**, hereby

**ORDERED** that Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**; and it is further

---

[1] Indeed, Plaintiff moves to remand on the basis of "financial, physical, and emotional hardship that having this case heard in federal court vs. state court would bring about." (ECF No. 6.) In short, Plaintiff points to various physical and geographic barriers that make this Court the less convenient forum to litigate his claims. But an inconvenient forum, or *forum non conveniens*, is "a basis for a *defendant* to move for dismissal of an action, not for a plaintiff to challenge removal of an action." *Kenny v. Denbo*, No. 16-8578, 2017 WL 65540, at *3 (D.N.J. Jan. 5, 2017) (emphasis added). Thus, even if Plaintiff's Motion to Remand were timely, it nevertheless would be denied on these grounds.

**ORDERED** that Plaintiff shall submit a written Opposition to Defendant's Motion to Compel Arbitration/Dismiss within thirty days from the entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that Defendant's Motion to Compel Arbitration/Dismiss (ECF No. 4) is **ADMINISTRATIVELY TERMINATED** pending Plaintiff's timely submission of a written Opposition thereto.[2]

_/s/ Karen M. Williams_
KAREN M. WILLIAMS
United States District Judge

---

[2] Defendant is also granted leave to file a Reply in further support of its Motion to Compel Arbitration/Dismiss within seven days of service of Plaintiff's Opposition.

3