IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY NORKUNAS,<br><br>                Plaintiff,<br><br>     v.<br><br>PAYPAL, INC.,<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:22-CV-05695-KMW-EAP<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of the Motion of Defendant PayPal Inc. ("Defendant" or "PayPal") to compel arbitration of the claims asserted against it by Plaintiff Jeffrey Norkunas ("Plaintiff"). For the reasons set forth below, Defendant's Motion is granted.

1)      Plaintiff, proceeding *pro se*, filed his Complaint in New Jersey state court on August 12, 2022. (ECF No. 1-1). The Complaint appears to allege, albeit vaguely, that Defendant obstructed Plaintiff's access to certain funds held in his online PayPal account. (*Id.* at 3). As a result, Plaintiff's funds were allegedly left "in [Defendant's] control[ ] to use illegally in investments on the stock market," accumulating profits that "rightly belong to [ ] Plaintiff." (*Id.*) Plaintiff further alleges that he was subjected to "apocalyptic conditions" as a result of Defendant's conduct, including "no access to food [and] clean water." (*Id.*) Based on these facts, Plaintiff asserts claims for breach of contract, negligence, and fraud, and demands one million dollars in compensatory damages. (*Id.*)[1]

---

[1] Plaintiff's Complaint also purports to assert claims for "failure to provide proper service," "endangering the health, safety [and] well being of a service member," and "discriminatory practices when verifying [his] identify." (ECF No. 1-1 at 2). Though the Court has liberally construed Plaintiff's Complaint in light of his status as a *pro se* litigant, it is

1

2) Following the removal of Plaintiff's Complaint to this Court, Defendant filed a Motion to Compel Arbitration of Plaintiff's claims. (ECF No. 4). Thereafter, on November 2, 2022, Plaintiff filed a Motion to Remand this action to New Jersey state court, but did not otherwise oppose Defendant's Motion. (ECF No. 6). On May 31, 2022, this Court issued a Memorandum Opinion and Order in which it denied Plaintiff's Motion to Remand as untimely. (ECF No. 15). However, the Court *sua sponte* granted Plaintiff leave to file a written Opposition to Defendant's Motion to compel arbitration of his claims so as to ensure that both Parties "have the benefit of complete advocacy." (*Id.* at 2). To date, Plaintiff has not opposed Defendant's Motion.

3) In its Motion to Compel Arbitration, Defendant submits that Plaintiff's claims are subject to a valid and enforceable arbitration agreement.[2] When Plaintiff first created and registered his PayPal account in August 2021, he electronically accepted and entered into an agreement that governs his account and relationship with Defendant (the "User Agreement"). Contained in the User Agreement is an arbitration provision (the "Arbitration Agreement"), which reads as follows:

> You and PayPal each agree that any and all disputes or claims that have arisen or may arise between you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative)

---

unable to discern any cognizable cause of action based on these statements. Thus, for purposes of identifying the scope of potentially arbitrable issues, the Court only considers Plaintiff's claims for breach of contract, negligence, and fraud. *See Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 112 (3d Cir. 2014) (directing district courts to "first determine the scope of arbitrable issues, if any, and then determine in the first instance what portion of the claims and defenses are properly before the arbitrator").

[2] The User Agreement, though attached to Defendant's Motion, is properly before the Court as an indisputably authentic document on which Plaintiff has based his claims. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Having been presented with no evidence that Plaintiff did not intend to be bound by the arbitration provision contained therein, the Court decides Defendant's Motion "under a motion to dismiss standard without the inherent delay of discovery." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013) (internal quotation marks omitted).

>basis. This Agreement to Arbitrate is intended to be broadly interpreted. The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

(ECF No. 4-4 at 55–56).

4) Pursuant to the Federal Arbitration Act (the "FAA"), a written arbitration agreement contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Before enforcing an arbitration agreement, a court must determine (1) whether there is a valid agreement to arbitrate; and (2) whether the specific dispute falls within the substantive scope of the agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626–28 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

5) First, the Court finds that the Parties' Arbitration Agreement is a valid and enforceable "clickwrap agreement"—an "online agreement that requires a webpage user [to] manifest assent to the terms of a contract by clicking an 'accept' button in order to proceed." *Doe v. Massage Envy Franchising, LLC*, No. S20C-05-005RFS, 2020 WL 7624620, at *2 (Del. Super. Ct. Dec. 21, 2020).[3] Clickwrap agreements—like the Parties Arbitration Agreement here—are "routinely recognized by courts and are enforceable." *Id.* Thus, by assenting to the User Agreement, Plaintiff agreed to be bound by its terms, as well as by the Arbitration Agreement contained therein. *See Land of Land, Inc. v. PayPal, Inc.*, No. 1:22-CV-00261, 2023 WL 2583597,

---

[3] The User Agreement provides that "the laws of the State of Delaware, without regard to principles of conflict of laws, will govern this user agreement and any claim or dispute that has arisen or may arise between you and PayPal." (ECF No. 4-4 at 63). Accordingly, the Court assesses the validity and enforceability of the Parties' Arbitration Agreement applying Delaware law.

at *5 (D.N.J. Mar. 21, 2023) (finding substantively identical arbitration agreement valid and granting PayPal's motion to compel arbitration).

6) Second, the Court finds that Plaintiff's claims are subject to the Arbitration Agreement. As previously noted, Plaintiff has agreed to arbitrate "any and all disputes or claims" between him and PayPal including, "without limitation," state common law claims "based in contract, tort, fraud, misrepresentation or any other legal theory." (ECF No. 4-4 at 56). The plain terms of the Arbitration Agreement, coupled with its breadth, leave no doubt that Plaintiff's claims fall squarely within its scope. *See Land of Land, Inc.*, 2023 WL 2583597, at *5 (finding claims for fraud, conversion, unjust enrichment, and breach of contract subject to arbitration provision); *see also Ashe v. Blenheim Homes, L.P.*, No. 06C-07-204, 2007 WL 3380121 at *3 (Del. Super. Ct. Mar. 12, 2007) (finding claims sounding in contract, negligence, and fraud subject to arbitration provision).

For the foregoing reasons,

**IT IS** this **12th** day of **July 2023** hereby

**ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 4) is **GRANTED** and that this matter is **STAYED** pending the arbitration of Plaintiff's claims.[4]

> */s/ Karen M. Williams*
> KAREN M. WILLIAMS
> UNITED STATES DISTRICT JUDGE

---

[4] Insofar as Defendant's Motion alternatively seeks the dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion is denied as moot. However, in lieu of dismissal, the Court stays this Motion given Defendant's express request for the same. *See* Def.'s Br. at 5 (stating that "Plaintiff's claims . . . must be stayed or dismissed" in light of agreement to arbitrate); *see also Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) ("[T]he plain language of [9 U.S.C.] § 3 affords a district court *no discretion* to dismiss a case where one of the parties applies for a stay pending arbitration." (emphasis added)).